854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isabelle SCAROLA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3065.
 United States Court of Appeals, Federal Circuit.
 July 13, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Isabelle Scarola seeks review of the final decision of the Merit Systems Protection Board, Docket No. NY08318710436, affirming the Office of Personnel Management's reconsideration decision denying her survivor annuity benefits after her husband, who had worked for the United States Postal Service, died in October 1986. We affirm.
 
 OPINION
 
 2
 The facts are undisputed. When he retired effective February 1, 1985, Vincent Scarola elected to receive a full annuity payable during his lifetime and not to provide a survivorship annuity for his wife. Civil Service Retirement Act, 5 U.S.C. Sec. 8341(b) (1982). Mrs. Scarola executed a notification form, as required by section 8339(j), acknowledging her husband's election. Nevertheless, after her husband died and his annuity payments ceased, Mrs. Scarola requested a continued annuity or pension. It is uncontested that Mrs. Scarola is ill, needs the annuity or pension, and has no other income.
 
 
 3
 As the board stated, however, need is not the basis for an award of a survivor's annuity. This court has noted that "Congress clearly did not intend to award retirement benefits to all persons who might be thought to deserve them." Watts v. Office of Personnel Management, 814 F.2d 1576, 1579 (Fed.Cir.1987). Moreover, Mrs. Scarola had the burden to prove entitlement to retirement benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 107 S.Ct. 891 (1987). Because the record contains no proof to support her assertion that the execution of the notification form "was fraud," Mrs. Scarola has failed to meet her burden.
 
 
 4
 Mrs. Scarola has not presented facts or legal authority which would entitle her to an annuity. Consequently, we have no choice but to affirm the board's decision.